**In re Anonymous No. 121 D.B. 88 (No. 2)**

Disciplinary Board Docket No. 121 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania,

PARIS, *Member,* December 11, 1991—

Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

Petitioner, [ ] was admitted to practice law in the Commonwealth of Pennsylvania on December 11, 1984.

On June 21, 1988, petitioner entered a guilty plea to one count of obstruction of justice in the U.S. Federal Court for the [ ] District of Pennsylvania, Criminal no. [ ], pursuant to a plea agreement.

On June 8, 1988, the information filed reveals that petitioner assisted his employer [A], Esq. in counseling a physician to destroy records covered by a grand jury subpoena and to testify falsely with respect to the records.

On January 3, 1989, petitioner was sentenced by the Honorable [B] to probation for a period of two years with the direction to perform 150 hours of community service within that period of time.

The misconduct which led to petitioner's suspension were violations of D.R. 1-102(A)(5) wherein petitioner was found to engage in conduct that was prejudicial to the administration of justice; and D.R. 1-102(A)(4)

wherein petitioner was found to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

A petition for discipline was filed on February 13, 1989. A hearing was held on July 14, 1989. Hearing committee [ ] filed its report on August 16, 1989, recommending a two and one-half year suspension beginning June 8, 1988, and concurrent with petitioner's federal probation.

On November 20, 1989, the Disciplinary Board filed its report with a majority recommending a two-year and three-month suspension, effective November 18, 1988.

The Supreme Court ordered petitioner suspended for two years and three months effective November 18, 1988, by order dated March 29, 1989.

A petition for reinstatement was filed on August 17, 1990. The matter was assigned to Hearing Committee [ ] which heard the matter on December 14, 1990.

The Hearing Committee recommended that the petition for reinstatement to the bar be granted.

The matter was adjudicated at the May 1991 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

(1) The petitioner was born in [ ] on June 14, 1959, and admitted to the Pennsylvania bar on December 11, 1984. He is a graduate of [ ] University and [ ] School of Law.

(2) From the time of his admission until his suspension, petitioner was employed by [A], Esquire, as

an attorney from September 1984 to January 1988, and self-employed from January 1988 to June 1988.

(3) On June 4, 1988, petitioner entered a guilty plea to one count of obstruction of justice in the U.S. Federal Court for the [ ] District of Pennsylvania.

(4) Petitioner's conduct violated the following Disciplinary Rules:

D.R. 1-102 (A)(4)—A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

D.R. 1-102 (A)(5)—A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

At a previous hearing held on July 14, 1989, six members of the [ ] County bar testified to respondent's good character and reputation among the legal community. Two witnesses testified to respondent's public service in a local [C] Club and a woman testified that respondent has been a "Big Brother" to her son for about three years, given generously of his time to the boy who does not live with his father, taken him on trips, and has been a very good influence on her son.

At the hearing on December 14, 1990, a certified public accountant testified as to the errors on the petitioner's tax returns and the adjustments and corrections that were made to the returns. An attorney, the executive director of the [ ] County Legal Aid Society, also testified that petitioner's reinstatement would not pose a threat to the interest of the bar or the public.

An insurance agent also testified as to petitioner's involvement with [C] Club and petitioner's reputation as to trustworthiness.

## CONCLUSIONS OF LAW

(1) The misconduct for which petitioner was suspended is not so egregious as to preclude consideration of the petition for reinstatement.

(2) Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

(3) Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar, nor subversive of the interests of the public.

## DISCUSSION

The single question before the Disciplinary Board in this matter is whether petitioner's request for reinstatement to the practice of law in the Commonwealth of Pennsylvania should be granted.

In order for the board to make this determination it must consider whether: (1) Petitioner's conduct which caused his disbarment would permit resumption of the practice of law without a detrimental effect on the integrity and standing of the bar nor subvert the public interest at the time petitioner is seeking reinstatement; (2) petitioner has the requisite moral qualifications; and (3) petitioner has demonstrated the requisite competency and learning in the law.

The conduct which resulted in petitioner's suspension occurred when petitioner, a young lawyer, was called

in to a client conference being conducted by his employer [A], Esquire, who was advising his client [D], M.D. concerning a response to a federal grand jury subpoena of Dr. [D's] office records. The meeting had been in progress for some time prior to the petitioner being asked to participate. During this meeting, Dr. [D] was wearing a recording device given him by federal investigators. Petitioner was unaware of what occurred prior to his entering the meeting or that Dr. [D] was wired. The meeting lasted about two hours and 25 minutes. Petitioner was present for about 45 minutes. Petitioner basically assisted [A] in advising Dr. [D] to conceal and or otherwise destroy office records under grand jury subpoena, to create false records and to testify falsely with respect to these records.

The hearing committee found that the tape recording disclosed a young, inexperienced attorney under the direction of a forceful, manipulative and intimidating superior, [A], Esquire, in what is described as an intense situation. The hearing committee believed this situation to be an unfortunate and isolated instance of bad judgment on the petitioner's part. This board concurs.

Petitioner did cooperate with the federal authorities; but only after receiving a target letter. In October 1988, petitioner, on advice of counsel, voluntarily requested that he be suspended from the practice of law.

There is no question that petitioner's conduct constituted a violation of the disciplinary rules which prohibit dishonesty, fraud, deceit or misrepresentation (D.R. 1-102 (A)(4)) and which prohibit a lawyer from engaging in conduct that is prejudicial to the administration of justice (D.R. 1-102(A)(5)). Although petitioner's

violation of the disciplinary rules are of a serious nature resulting in his entry of a plea of guilty to one count of a charge of obstruction of justice, they are not of the "[m]agnitude for the breach of trust (which) would permit the resumption of practice with a detrimental effect upon the 'integrity and standing of the bar or the administration of justice nor subversive of the public interest.'" *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986).

Petitioner has been suspended from the practice of law two years and three months beginning November 18, 1988. During that time, petitioner continued to be a "Big Brother" in addition to being active in the [C] Club of [ ]. Petitioner also did public service work under supervision for the [ ] County Legal Aid Society where he assisted in the research and development of a divorce manual, teaching a monthly divorce class, and case work preparation as a legal assistant.

This board finds that not only a sufficient period of time has lapsed since petitioner's suspension from practice, but that petitioner has in that time engaged in qualitative rehabilitation. *Office of Disciplinary Counsel v. Keller, supra; Office of Disciplinary Counsel v. [E],* Nos. 4 and 35 D.B. 79, 5 D.&C.4th 557 (1989).

The board finds that petitioner's activity in the Big Brothers, the [C] Club and the Legal Aid Society in addition to his own public profession of remorse at his conduct and the testimony of many witnesses associated with petitioner in his various public activities prove that he has the requisite moral qualifications for reinstatement pursuant to Rule 218(c)(3)(i), Pa.R.D.E.

Finally, the board is of the opinion that petitioner has remained knowledgeable of the law during the period of his suspension. Rule 218(c)(3)(i), Pa.R.D.E. Petitioner has kept abreast of the law by enrolling in a Pennsylvania Basic Practice course on [ ], in [ ], Pennsylvania. In addition, petitioner has participated in the Legal Aid Society by working for various attorneys as a legal assistant. In an effort to keep informed about changes in the law, petitioner has read various legal publications including *West's Reporter,* [ ] *County Law Reporter, Trial Magazine,* [ ] and *Lawyers Alert Magazine.* These actions clearly demonstrate that petitioner has the learning in the law required of a member of the Pennsylvania bar.

In consideration of petitioner's compliance with Rule 218, Pa.R.D.E. and also meeting the requirement of *Keller,* petitioner should be reinstated to the practice of law and his resumption of the practice will not adversely affect either the public or the law.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that the petition for reinstatement of [petitioner] to practice law in the Commonwealth of Pennsylvania be granted.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

Messrs. Eckell, Hill, Leonard and Sloane did not participate in the adjudication.

## ORDER

And now, December 11, 1991, upon consideration of the report and recommendations of the Disciplinary Board dated September 4, 1991, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.